**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Yuleisby Eliana Bello Oropeza, et al., | No. CV-26-01251-PHX-SHD (JFM) |
| Petitioners, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner Orlando Javier Venegas Contreras filed a Renewed Emergency Application for Temporary Restraining Order to Prevent Imminent Removal.  (Doc. 20.) Petitioner's underlying claim challenges the vacatur of his TPS status and argues his detention is unlawful.  Petitioner's renewed motion indicates he was informed he will be removed to Venezuela imminently despite his retention of TPS status.

In the Ninth Circuit, "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Unlike a preliminary injunction, see Fed. R. Civ. P. 65(a), a temporary restraining order (TRO) may be entered "without written or oral notice to the adverse party."  Fed.

R. Civ. P. 65(b). A TRO may issue ex parte if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).[1]

In the Petition, Petitioner seeks an order enjoining his removal based on the pendency of his TPS status. *See NTPSA v. Noem*, No. 25-CV-01766-EMC, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025).

The Court retains jurisdiction to review Petitioner's claim that his removal despite retaining TPS status would violate his Fifth Amendment rights. *See Ibarra-Perez v. United States*, 154 F.4th 989, 997 (9th Cir. 2025) (quotation omitted) (a court has "jurisdiction to decide a 'purely legal question' that 'does not challenge the Attorney' General's discretionary authority . . . even if the answer to that legal question . . . forms the backdrop against which the Attorney General later will exercise discretionary authority.") The Court further finds it necessary and appropriate to issue a temporary restraining order enjoining his removal because the evidence creates a serious question whether Petitioner is eligible for removal given his TPS status being reinstated because of the decision of the Northern District of California. *See NTPSA v. Noem*, No. 25-CV-01766-EMC, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025). Petitioner's allegations also establish a strong probability of irreparable harm if he is removed imminently. He has also shown that he has a substantial case on the merits of his due process claims if he is removed despite his active TPS status. Lastly, the balance of hardships tips sharply in Petitioner's favor.

Accordingly,

**IT IS THEREFORE ORDERED** Petitioner's Motion for an Emergency Temporary Restraining Order (Doc. 20) without notice is **GRANTED**. Respondents are

---

[1] Petitioner's counsel attaches a declaration detailing counsel's efforts to notify Respondents regarding Petitioner's potential removal despite his TPS status. (Decl. of Avi Frey.)

- 2 -

enjoined from removing **Petitioner Orlando Javier Venegas Contreras** from the United States pending further order of this Court. Petitioner's request for a Preliminary Injunction remains pending. No bond is required.

   **IT IS FURTHER ORDERED** Counsel for Respondents must file a Notice of Compliance no later than **4:00 p.m. on Thursday, April 23, 2026**, confirming acknowledgment of this Order.

   **IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 65(b)(2) that unless extended, the temporary restraining order, which was issued on April 23, 2026, at 12:30 p.m., shall expire at **12:30 p.m. on May 7, 2026**.

   **IT IS FURTHER ORDERED** Respondents must **immediately** confirm receipt of the Petition and TRO sent by email from the Court.

   Dated this 23rd day of April, 2026.

Honorable Sharad H. Desai
United States District Judge